WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-GATE.—November, 1880.

## MATTER OF LUDLOW.

*In the matter of the final accounting of* FORDHAM MOR-RIS, *executor, etc., of* THOMAS W. LUDLOW, *deceased.*

Chapter 18 of the Code of Civil Procedure has not made any material change in the mode of appointing special guardians for infants, in proceedings before Surrogates.

Under section 2530 of that Code, the Surrogate "must" appoint a special guardian, where the infant does not appear by his general guardian, and where he does so appear, the Surrogate must inquire into the facts and must appoint a special guardian, if, for any reason, the interests of the infant require it. No application for the appointment of a special guardian is necessary; the Surrogate may act of his own motion.

*It seems*, that under section 2531, the infant may apply for the appointment of a special guardian. Notice must be given under that section, only when the application is by a person other than the infant.

ANNIE C. LUDLOW, an infant over fourteen, presented a petition for the appointment of a special guardian, etc., to take care of her interests in this matter ; and questions

arose as to the necessity of such petition, and as to the necessity of giving notice of the appointment.

EDGAR LOGAN, JR., *for petitioner.*

THE SURROGATE.—I do not see that chapter 18 of the Code of Civil Procedure makes any material change in the mode of appointing special guardians, in proceedings before me, from that formerly practiced. Before the Code, the special guardian was appointed on the return day of the citation or order, without any application being made for that purpose. Section 2530 of the Code provides that, where an infant is a party, and does not appear by his general guardian, "the Surrogate must appoint" a special guardian. Where he appears by his general guardian, the Surrogate must inquire into the facts, and must appoint a special guardian if there is any ground to suppose that the interests of the general guardian are adverse to those of the minor ; or that, for any other reason, the interests of the latter require the appointment of a special guardian. No application to the Surrogate is needed in such case ; it is a duty imposed upon him by the new, as by the old statute. If, on the return of a citation, no application for the appointment of such guardian should be made by any one voluntarily, the Surrogate has no power to compel it to be done ; and if he could not appoint of his own motion, all further proceedings in the matter would come to a stand, or else fail to be of any binding force as to the minor.

It is inferentially implied by section 2531 that the infant may apply ; but, as stated, it is wholly unnecessary. It is only in the case of the application by any other person than the infant that notice must be given under the last named section.